FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0521

DA 22-0521

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 127N

IN RE THE MARRIAGE OF:

ANDREA OKLAND,

      Petitioner and Appellant,

and

CHRISTOPHER OKLAND,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DR-20-42
Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Andrea Okland, Self-represented, Polson, Montana

      For Appellee:

            Paula M. Johnson-Gilchrist, Johnson-Gilchrist Law Firm, PC, Whitefish, Montana

                                    Submitted on Briefs: June 7, 2023

                                          Decided: June 27, 2023

Filed:

                        _____
                                  Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In her Notice of Appeal, Petitioner and Appellant Andrea Okland (Andrea) appeals from the "final judgment or order entered . . . on the 10th day of August, 2022[.]" The only order issued on that date was the Order on Rule 52 and Rule 59(e) Motions, which followed a series of dispositive orders in this case, including the April 22, 2021 Order on Petitioner's Motions to Withdraw from Mediation Agreement, and Motion to Amend Final Parenting Plan; the May 24, 2022 Findings of Fact, Conclusions of Law, and Decree of Dissolution; and the July 15, 2022 Order Correcting Clerical Error in Findings of Fact, Conclusions of Law, and Decree of Dissolution, all issued by the Eleventh Judicial District Court, Flathead County. We affirm.

¶3 In dissolving their marriage, the parties—Christopher Okland (Christopher) and Andrea—have had protracted disagreements regarding distribution of their assets and debts, maintenance, and parenting plan issues. Andrea filed a dissolution petition on May 19, 2020. The parties together with their attorneys met and successfully reached an interim stipulated parenting plan which was filed with and adopted by the District Court on June 17, 2020. The interim plan remained in place until the parties reached a Stipulated

2

Final Parenting Plan (SFPP) at mediation, conducted via Zoom video, on October 29, 2020. Andrea unsuccessfully tried to set aside or withdraw from the SFPP, and now appeals not the terms or provisions of the SFPP but on the grounds that the court permitted mediation to occur when Andrea had made prior allegations of abuse.[1] Trial was ultimately held and the District Court issued its May 24, 2022 Findings of Fact, Conclusions of Law, and Decree of Dissolution. Christopher then filed a Rule 60(a) Motion to Correct Clerical Error, to which Andrea agreed in part, and the District Court issued its July 15, 2022 Order Correcting Clerical Error in Findings of Fact, Conclusions of Law, and Decree. Andrea then filed her Rule 52 motion to amend findings and judgment and her Rule 59 motion to amend judgment, both of which were opposed by Christopher. On August 10, 2022, the

---

[1] Andrea did not object to the mediation and voluntarily participated in it. Neither she nor her three prior attorneys raised any issue with the mediation prior to or at the time of the mediation. Instead, while acting pro se after she entered into the SFPP, she sought to withdraw from the agreement, and after Andrea obtained new counsel, counsel filed a motion to amend the parenting plan. A week later, this new counsel sought to withdraw from representing Andrea. In its April 22, 2021 Order on Petitioner's Motions to Withdraw from Mediation Agreement denying withdrawal from the agreement or amendment of the parenting plan, the District Court noted that at the time of the mediation there was no evidence of spousal abuse, only tangential allegations of "alleged intimidation of Andrea's relatives on one holiday occasion." The court also found there to be "no credible evidence, acquired since the mediation, that Christopher abused Andrea within the meaning of [§ 40-4-301(2), MCA.]" Andrea has not specifically appealed this April 22, 2021 Order.

District Court issued its Order on Rule 52 and 59 Motions, further correcting and clarifying its prior findings of fact.[2]  Andrea appeals, asserting a laundry list of issues.[3]

¶4      The distribution of marital property in a dissolution proceeding is governed by § 40-4-202, MCA, under which a trial court is vested with broad discretion to distribute the marital property in a manner that is equitable to both parties. When dividing marital property, the trial court must reach an equitable distribution, not necessarily an equal distribution.  The district court's apportionment of the marital estate will stand unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice.

*In re Marriage of Paschen*, 2015 MT 350, ¶ 16, 382 Mont. 34, 363 P.3d 444 (citing

*Richards v. Trusler*, 2015 MT 314, ¶ 11, 381 Mont. 357, 360 P.3d 1126).  We review a

---

[2] In that Order, with regard to Rule 52 issues, the court clarified that Andrea was represented by counsel—although following withdrawal of her third attorney she had been pro se, at the time of trial she was represented by counsel; corrected Finding 8 to restore Andrea to her former name; clarified Finding 38 to more specifically describe the joint debts that must be paid off; and corrected a typo in Finding 39 to clarify that "he"—Christopher—rather than "she"—Andrea— did not know that Andrea made charges on a credit card.  The District Court denied the remaining Rule 52 allegations.  Regarding the Rule 59 issues, the court amended Findings 31.A, 31.B, and 31.C to clarify the court's intent in referencing Social Security benefits was not to divide them, but rather to consider them as another factor in determining the overall economic circumstances of the parties.  The court denied the remaining Rule 59 allegations.

[3] Using a shotgun approach, Andrea asserts the following appeal issues: Whether the District Court was clearly erroneous and abused its discretion (1) in the adoption of the Stipulated Final Parenting Plan; (2) to include anticipated future Social Security benefits as part of the marital estate; (3) to exclude Christopher's ownership interest in Okland, Inc. and Okland Family Partnership from the marital estate; (4) to fail to evaluate the weight and credibility of Andrea and her expert witness; (5) to "split the difference" between two possible values of the marital home; (6) to misconstrue James Whaley's testimony and written valuation of Okland, Inc. and Okland Family Partnership; (7) to include Andrea's inherited coin collection as part of the marital estate; (8) to twice deduct from Christopher's share of the marital estate amounts he allegedly paid from inherited funds during the marriage; (9) to fail to value various marital assets as of the day of dissolution; (10) to make no finding of fact regarding Andrea's testimony; (11) to make findings of fact from Christopher's testimony without requiring documentary evidence to support such; and (12) to adopt nearly verbatim Christopher's proposed findings of fact and conclusions of law.

district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Kesler*, 2018 MT 231, ¶ 15, 392 Mont. 540, 427 P.3d 77. We review conclusions of law to determine if they are correct. *In re Marriage of Kesler*, ¶ 15. We review findings of fact pertaining to a parenting plan to determine whether they are clearly erroneous. *In re Marriage of Anderson*, 2014 MT 111, ¶ 11, 374 Mont. 526, 323 P.3d 895. "'Trial courts have broad discretion when considering the parenting of a child,' and we will not disturb the court's decision absent a clear abuse of that discretion." *In re Parenting of M.C.*, 2015 MT 57, ¶ 10, 378 Mont. 305, 343 P.3d 569.

¶5 At the core of Andrea's appeal, she desires that we reweigh witness credibility, reweigh the evidence presented, and substitute her assessment of such to reach a different outcome. We decline to do so. On appeal, it is not our function to reweigh conflicting evidence or substitute our evaluation of the evidence for that of the district court. *In re Marriage of Paschen*, ¶ 42. The trial court is in the best position to resolve conflicting testimony and to evaluate witness credibility with the benefit of live testimony, to become familiar with the details of the case, and to weigh the value of the evidence presented. *In re Marriage of Paschen*, ¶ 42. Upon our review of the record, we find no error by the District Court. The District Court set forth detailed findings of fact which the court further corrected and clarified in its July 15, 2022 Order Correcting Clerical Error in Findings of Fact, Conclusions of Law, and Decree of Dissolution and in its August 10, 2022 Order on Rule 52 and 59(e) Motions. The evidence of record supports the detailed findings and corrections and clarifications made by the District Court. The court thoroughly and

conscientiously considered the law of the case as well as the law relating to equitable distribution of marital property. The District Court appropriately followed Montana's statutes and well-settled precedent in its application of the facts to the law. *See generally* Title 40, chapter 4, MCA; *see also, e.g.*, *In re Marriage of Funk*, 2012 MT 14, 363 Mont. 352, 270 P.3d 39. Thus, we conclude the District Court equitably apportioned the marital estate between the parties, appropriately adopted the SFPP, that its findings of fact were not clearly erroneous, and its conclusions of law were correct.

¶6    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶7    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

6